NOT FOR PUBLICATION [25,26, 27, 28, 29, 30, 31]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
BRIAN MICHAEL CAFFREY,            :
:
    Plaintiff                :
:    Civil Action No. 10-5055
    v.                            :
:    **OPINION**
:
FREEHOLDER MILDRED S. SCOTT, :
IVAN SCOTT, BRUCE KAPLAN,     :
ANDREA CRAPAROTTA,            :
MIDDLESEX COUNT, MIDDLESEX    :
COUNTY BOARD FREEHOLDERS,     :
MIDDLESEX COUNTY              :
PROSECUTOR'S OFFICE, ROBERT   :
TRAVISANO, et al.,            :
:
    Defendants.              :
:
_____:

**WOLFSON, United States District Judge**:

    Presently before the Court are individual motions to Dismiss by Defendants Bruce Kaplan, Middlesex County, Middlesex County Board of Freeholders, Middlesex County Prosecutor's Office, Mark (Marc) Levy, Robert Travisano, Mildred Scott and Andrea Craparotta (collectively "Defendants"). This matter arises out of an Amended Complaint filed by Plaintiff relating to alleged mistreatment he suffered while employed as an investigator with the Middlesex County Prosecutor's office. No opposition to the motions has been submitted by Plaintiff. For the reasons set forth below, the Court will administratively terminate the pending

1

motions and will dismiss Plaintiff's Complaint without prejudice. Further, Plaintiff has sixty days within which to retain new counsel, or enter an appearance, pro se, and to proceed accordingly with the timely prosecution of this case.

**I. BACKGROUND**

On November 24, 2010, Plaintiff filed an Amended Complaint relating to alleged mistreatment he suffered while employed as an investigator with the Middlesex County Prosecutor's office. Between January 12, 2011, and January 26, 2011, Defendants filed individual Motions to Dismiss in response to the Complaint. As a result, Plaintiff's opposition was due, at the latest, on February 7, 2011, and the motion was returnable on February 22, 2011. However, on February 3, 2011, counsel for Plaintiff wrote to the Court to request that the Motion date be extended until March 7, 2011. The Court granted Plaintiff's request for an extension and reset the motions for March 7, 2011.

Thereafter, on March 4, 2011, without having filed any opposition, counsel for Plaintiff wrote another letter to the Court in which he requested a further extension of time to respond to Defendants' motions. Specifically, in the March 4, 2011 letter, counsel for Plaintiff advised the Court that he was experiencing health difficulties and that he intended to file a Motion to Amend the Complaint by March 7, 2011. Plaintiff did not file a Motion to Amend or an Amended Complaint. On March 9, 2011, this Court held a telephone conference with the parties. Subsequently, on March 25, 2011, ths Court dismissed the First Amended Complaint against each of the Defendants and granted Plaintiff until April 9, 2011 to re-open the matter by filing a Second Amended Complaint on or before April 9, 2011.

On April 9, 2011, Plaintiff filed a Second Amended Complaint. Thereafter, between July

13, 2011 and July 28, 2011, Defendants filed individual Motions to Dismiss.  As a result, Plaintiff's opposition was due, at the latest, on August 22, 2011, and the motion was returnable on September 6, 2011.  However, more than two weeks after his opposition was due and without having filed any opposition or a further request for an extension, on September 7, 2011, counsel for Plaintiff wrote another letter to this Court requesting that the Motions be re-set once again, this time until October 3, 2011.  In his letter, counsel for Plaintiff again advised the Court that he was suffering from health issues and further advised the Court that if his symptoms did not improve by September 12, 2011, he would hire separate counsel to prepare a response to the motions.  In addition, counsel for Plaintiff advised the Court that he had "already begun [sic] the process of finding someone."  In response to the letter from Plaintiff's counsel, on September 9, 2011, counsel for Defendants wrote to the Court to advise that  while they understood that Plaintiff's counsel was experiencing health difficulties, several defense counsel involved in the above-captioned matter had other cases with Plaintiff's counsel in which he was actively participating.  As a result of the submissions by counsel, as well as the numerous and continued delays, on September 14, 2011, the Court entered a Letter Order requiring counsel for Plaintiff to immediately serve upon Plaintiff all "letters submitted to the Court by counsel in this matter, both Plaintiff's counsel and Defense counsel, as well as all responses by this Court."  In addition, the Court directed Plaintiff to submit, within five days of the date of the Order, a Certification demonstrating that such service had been made on Plaintiff.  Thus, counsel's Certification was due, at the latest, on September 21, 2011.  However, as of September 26, 2011, counsel for Plaintiff had not filed the required Certification and has otherwise neglected to contact the Court.

3

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(f) provides that a court may issue any just orders if a party or its attorney, "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). In addition, Federal Rule of Civil Procedure 41(b) allows a party to move for dismissal for lack of prosecution. Fed. R. Civ. P. 41(b). Similarly, a court may dismiss a case under its inherent power to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994)(citations omitted).

In deciding whether dismissal is appropriate, courts must consider the following six factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. Importantly, "not all of the Poulis factors need to be satisfied in order to dismiss a complaint." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, as the Third Circuit recognized in Mindek, "District court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." Id. However, dismissal with prejudice is a harsh remedy and should be reserved for only the most extreme cases as "the policy of the law is to favor the hearing of a litigant's claim on the merits." Spain, 26 F.3d at 454.

## III. LEGAL ANALYSIS

Initially, the first Poulis factor requires the Court to consider the extent of Plaintiff's responsibility for the failures. Poulis, 747 F.2d at 868. In the instant matter, the continued delays and failures to comply with Court-imposed deadlines and Orders rest squarely on the shoulders of Plaintiff's counsel. Indeed, the Court does not know if Plaintiff is aware of the ongoing delays in this matter, let alone whether Plaintiff himself bears any responsibility for the continued failures to meet Court-imposed deadlines and orders. In that regard, the Court finds the Third Circuit's application and balancing of the Poulis factors in three noteworthy cases to be instructive.

First, in Poulis, the Third Circuit affirmed a district court's dismissal of a complaint with prejudice despite the fact that the plaintiffs themselves were not personally responsible for the failures. Poulis, 747 F.2d at 869-70. There, the Third Circuit affirmed the dismissal with prejudice even though the court explained that it would have imposed alternative sanctions instead. Id.

In Scarbourugh v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984), the Third Circuit vacated and remanded a district court's dismissal with prejudice because it was based solely on plaintiff's attorney's failure to amend an unclear pretrial statement. Id. There, plaintiff's attorney had complied with all the other court's orders, rules of civil procedure, and discovery requests, and there was no evidence of the party's personal responsibility. Id.

Finally, in Dunbar v. Triangle, 816 F.2d 126, 129 (3d Cir. 1987), the Third Circuit vacated a 41(b) dismissal with prejudice because there was no evidence that plaintiff knew "of her counsel's defaults or otherwise bore some personal responsibility for his professional

irresponsibility."  There, the Third Circuit instructed that courts must make litigants aware of pending 41(b) motions and put litigants "on notice of possible jeopardy to his or her legal interests by counsel's conduct at a time when the client can take appropriate action and when the Poulis balance has not been irretrievably struck in favor of the moving party." Id. at 129.

In the instant matter, as discussed above, Plaintiff is represented by counsel and, as such, Plaintiff's counsel has been responsible for complying with all orders and deadlines imposed by the Court.  However, as set forth above, despite the fact that counsel for Plaintiff requested and has been granted numerous extensions in this matter, Plaintiff's counsel failed to meet deadlines and to comply with Court orders.  On several occasions, counsel for Plaintiff advised the Court that he had started to seek the aid of other attorneys in this representation to ensure that he could meet deadlines and adequately prosecute this case.  Despite this representations, however, no additional counsel has entered an appearance for Plaintiff in this matter.  And, indeed, deadlines and orders imposed by this Court have continued to go unmet.

Moreover, in an effort to ensure that Plaintiff himself was apprised of counsel's inaction, on September 14, 2011, the Court ordered counsel for Plaintiff to immediately serve on Plaintiff all correspondence between this Court and counsel and file a certification within five days stating that such service had been made on Plaintiff.  Counsel for Plaintiff failed to do this.  Thus, at this juncture, the Court is not aware whether Plaintiff has been advised of counsel's ongoing failures in this matter, and, therefore, the Court does not know whether Plaintiff himself bears any responsibility for the ongoing failures.

The next factor evaluates whether there is prejudice to the adversary caused by the party's actions or inactions. Poulis, 747 F.2d at 868.  Here, Defendants continue to timely respond to the

Complaints filed by Plaintiff and continue to be harmed by the ongoing requests for extensions and Plaintiff's counsel's continued failure to meet deadlines. These ongoing failures have caused a delay of this action of almost a year. Thus, the Court finds that Defendants have been prejudiced by Plaintiff's counsel's inaction.

The third and fourth factors require the Court to assess whether there is a history of dilatoriness and whether Plaintiff's counsel's conduct was willful or in bad faith. Poulis, 747 F.2d at 868. In assessing dilatory conduct, the court may consider a party's conduct over the course of the entire litigation. Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994). Here, Plaintiff's counsel's continued failure to oppose Defendants' motions to dismiss and counsel's failure to comply with this Court's September 14, 2011 Order demonstrates a pattern of dilatory conduct. Defendants have filed two rounds of Motions to Dismiss in response to the Complaints filed by Plaintiff and Plaintiff has failed to respond each time, despite numerous extensions of motion dates and filing deadlines. In addition, Plaintiff's counsel has failed to comply with this Court's Order requiring him to serve upon Plaintiff the correspondence between counsel and the Court in this matter. Thus, the Court finds that there is a pattern of dilatory conduct and, additionally, that Plaintiff's counsel's continued failure to respond casts doubt on his good faith prosecution of this matter.

The next factor evaluates the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 868. In Titus v. Mercedes Benz of North America, 695 F.2d 746, 750 n.6 (3d Cir. 1982), the Third Circuit explained that other possible sanctions may include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court,

and dismissal of the suit unless new counsel is secured." In the instant matter, the ongoing delays caused by Plaintiff's counsel have already delayed the adjudication of this matter by almost a year. Moreover, despite being given the opportunity to ensure that his client is aware of the ongoing issues arising in this action, counsel for Plaintiff has failed to advise the Court whether his client is aware of the nature of his representation and continues to flout deadlines imposed by this Court as well as Court orders. That said, while the Court finds that a sanction is appropriate in this case, in light of the Third Circuit's jurisprudence in <u>Poulis</u>, <u>Scarborough</u> and <u>Dunbar</u>, I find that dismissal with prejudice would be an extreme sanction. Instead, I find that a lesser sanction of dismissal without prejudice as well as an Order providing Plaintiff 60 days within which to retain new counsel, or enter an appearance <u>pro se,</u> to be appropriate.[1]

## IV. CONCLUSION

For the reasons set forth above, the Complaint is DISMISSED WITHOUT PREJUDICE. Further, Plaintiff has 60 days within which to retain new counsel, or enter an appearance <u>pro se</u>, and to timely prosecute this matter. In addition, for ease of administration, Defendants' motions to dismiss are ADMINISTRATIVELY TERMINATED.

Dated: September 28, 2011          /s/ Freda L. Wolfson

                                                     Freda L. Wolfson, U.S.D.J.

---

[1] Finally, in considering the sixth <u>Poulis</u> factor, the Court, at this stage of the proceedings does not have sufficient grounds to evaluate the meritoriousness of Plaintiff's claims. Thus, this factor is largely neutral and does not change the Court's conclusion that the balance of the <u>Poulis</u> factors support dismissal of the action.